IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02242-WYD-KLM

MICHAEL JASON MARTINEZ;
ELIZABETH FRITZ;
THOMAS TRUJILLO;
AMBER HUGENOT;
GARY HARRISON;
ROBERT RUMPF; and
DAMIAN GRADELESS, on behalf of themselves and all others similarly situated,

　　　　Plaintiffs,

v.

TERRY MAKETA, in his official capacity as El Paso County Sheriff,

　　　　Defendant.

## STIPULATED ORDER GRANTING PRELIMINARY INJUNCTION

　　　　In this case, brought pursuant to 42 U.S.C. § 1983, Plaintiffs – prisoners at the El Paso County Jail in Colorado Springs, Colorado ("the Jail") -- challenge the Jail's policy restricting prisoners' outgoing correspondence, with certain exceptions, to 4 x 6 inch postcards supplied by the Jail ("the postcard-only policy").[1]  Plaintiffs allege that this policy violates their rights under the First and Fourteenth Amendments to the United States Constitution and Article II, sections 10 and 25 of the Colorado Constitution. Defendant Terry Maketa, the Sheriff of El Paso County, denies these allegations.

　　　　The parties have stipulated to the following undisputed facts:

---

[1]  This policy is set forth in an April 20, 2010 memorandum to "All Concerned Personnel" from Commander William Mistretta, subject "Directive 10.04/Inmate Mail/Post Cards."

> The 4 x 6 [inch] postcards allow inmates less writing space than is available in a two or three-page, double-sided letter. The new policy also prohibits inmates from enclosing expressive or artistic drawings they have made, newspaper or magazine clippings, religious literature, or other writings they wish to share. Inmates cannot use an envelope to write a letter-to-the-editor, to seek spiritual guidance from clergy, to provide information to investigative reporters, or to submit their own writings to such periodicals as the *Colorado Springs Independent* or *Prison Legal News*.

(ECF No. 17, Proposed Scheduling Order, at 9, Undisputed Fact n.)

On November 10, 2010, Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin enforcement of the postcard-only policy. Defendant filed a response on November 24, and Plaintiffs filed a reply on December 10, 2010.

Based on the stipulation of the parties and the entire record in this case, the Court makes the following Findings of Fact and Conclusions of Law, and enters the following Order:

### **Findings of Fact and Conclusions of Law**

1. Plaintiffs have demonstrated a likelihood of success on the merits of their claims.

2. Plaintiffs have demonstrated that they will suffer irreparable harm in the absence of preliminary injunctive relief.

3  The balance of equities tips in Plaintiffs' favor.

4. The preliminary injunction set forth below is in the public interest.

5. The preliminary injunction set forth below is narrowly drawn, extends no further than necessary to correct the harm the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm.

## **Order**

Now, therefore, IT IS ORDERED:

1. Plaintiffs' and Defendant's Joint Motion to Enter Stipulated Preliminary Injunction and for Further Relief (ECF No. 36 filed December 17, 2010) is **GRANTED**. In light of this motion, Plaintiff's Motion for Preliminary Injunction (ECF No. 19 filed November 10, 2010) is **DENIED AS MOOT**.

2. Pending final judgment in this matter, defendant Terry Maketa, his successors, officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, are **ENJOINED** from enforcing the postcard-only policy, or any other policy that limits prisoners' outgoing mail to postcards.

3. Defendant shall take immediate steps to re-supply the Jail's inventory of paper and envelopes for use by prisoners for outgoing correspondence.  The El Paso County Jail may keep its existing inventory of postcards for sale to inmates who voluntarily choose to buy the postcards, but it shall not compel any inmate to use said postcards for correspondence.

4. No security shall be required for the issuance of this preliminary injunction. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) ("our case law indicates that trial courts have 'wide discretion under Rule 65(c) in determining whether to require security, . . . .'") (quoting *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (internal quotation marks omitted)).

5. The hearing on the Motion for Preliminary Injunction set for Wednesday, December 22, 2010, at 9:00 a.m. is **VACATED**.

Dated: December 20, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge