IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02242-WYD-KLM

MICHAEL JASON MARTINEZ;
ELIZABETH FRITZ;
THOMAS TRUJILLO;
AMBER HUGENOT;
GARY HARRISON;
ROBERT RUMPF; and
DAMIAN GRADELESS on behalf of themselves and all others similarly situated,

      Plaintiffs, and

CALLIE GONZALES,

      Plaintiff-Intervenor,

v.

TERRY MAKETA, in his official capacity as El Paso County Sheriff,

      Defendant.

_____

**JOINT STIPULATIONS SUPPORTING RESOLUTION OF CLASS ACTION**
_____

Counsel for the parties have agreed to a resolution of this case, and in furtherance thereof have agreed to certain stipulations, which are described herein.

1.      Plaintiffs and Defendant jointly stipulate that the Court in this Civil Action should grant the pending motion for class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and should appoint Mark Silverstein, Rebecca T. Wallace, and David C. Fathi as counsel for the plaintiff class pursuant to Fed. R. Civ. P. 23(g).

2.      Plaintiffs and Defendant jointly stipulate that the Court should make the findings required for prospective relief under 18 U.S.C. § 3626(a)(1)(A) and issue a permanent injunction

incorporating the terms of the preliminary injunction that the Court entered in this case on

December 21, 2010.

3.      Plaintiffs and Defendant agree that Defendant will pay Plaintiffs' reasonable costs

and attorneys' fees in this matter.  Plaintiffs and Defendant further agreed that an award of

$60,000.00 is reasonable in this case.

4.      The parties have also agreed that the Court's approval of the documents filed

today will release Terry Maketa, in his official capacity as El Paso County Sheriff (hereinafter

"Defendant"), and any and all employees, agents, servants, assigns, attorneys, entities,

employers, successors, insurers, and reinsurers, of the Defendant, and of El Paso County, the El

Paso County Board of County Commissioners and the El Paso County Sheriff's Office, from any

and all further liability for any claims for injunctive and declaratory relief, and attorneys' fees

and costs against the Defendants arising out of Civil Action No. 10-cv-02242-WYD-KLM

which are known or unknown, foreseen or unforeseen, arising out of the civil action identified

herein, in exchange for the relief provided for herein.  This language shall not be construed to

prohibit Plaintiffs from seeking costs and attorney fees if it should be necessary to seek the

Court's enforcement of the permanent injunction.

5.      Plaintiffs and Defendant agree that, pending the Court's approval and pursuant to

Rule 23(e), Defendant shall post notice to class members of the proposed resolution of this case

(attached hereto as Exhibit 1) on the bulletin board in each of the wards within the El Paso

County Jail (and individually deliver the notice to inmates who are in segregation, the infirmary,

or otherwise do not have ready access to the bulletin boards), within forty-eight (48) hours after

the Court sets a date for a hearing, pursuant to Rule 23(e), to determine whether the resolution is

fair, reasonable, and adequate.   Plaintiffs and Defendant agree that posting the notice in such a

2

manner is a reasonable way to notify all class members who would be bound by the proposed

resolution of this case.

APPROVED:

<u>s/Rebecca T. Wallace</u>
Mark Silverstein, Legal Director
Rebecca T. Wallace, Staff Attorney
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
400 Corona Street
Denver, Colorado 80218
Telephone:  (303) 777-5482
Fax:  (303) 777-1773
Email: msilver2@att.net
            rtwallace@aclu-co.org


David C. Fathi, Director*
NATIONAL PRISON PROJECT OF THE
ACLU FOUNDATION, INC.
915 15th Street NW, 7th Floor
Washington, D.C. 20005
(202) 548-6603
Email: dfathi@npp-aclu.org

*Counsel for Plaintiffs*

*Not admitted in DC; practice
limited to federal courts.*

<u>Charles C. Greenlee</u>
Charles C. Greenlee
Legal Advisor
EL PASO COUNTY SHERIFF'S OFFICE
210 South Tejon Street
Colorado Springs, CO 80903
(719) 520-7100
Email:
charlesgreenlee@elpasoco.com


Amy R. Folsom
Assistant County Attorney
OFFICE OF THE COUNTY ATTORNEY
OF EL PASO COUNTY
27 E. Vermijo Avenue
Colorado Springs, CO 80903
(719) 520-6485
Email: amyfolsm@elpasoco.com

*Counsel for Defendants*

3

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02242-WYD-KLM

MICHAEL JASON MARTINEZ;
ELIZABETH FRITZ;
THOMAS TRUJILLO;
AMBER HUGENOT;
GARY HARRISON;
ROBERT RUMPF; and
DAMIAN GRADELESS on behalf of themselves and all others similarly situated,

     Plaintiffs, and

CALLIE GONZALES,

     Plaintiff-Intervenor,

v.

TERRY MAKETA, in his official capacity as El Paso County Sheriff,

     Defendant.

---

## NOTICE TO EL PASO COUNTY JAIL PRISONERS

---

1.   In August, 2010, the El Paso County Jail implemented a new policy that, with certain exceptions, restricted prisoners' outgoing mail to postcards supplied by the jail.

2.   On September 14, 2010, seven prisoners filed a legal challenge to that policy, arguing that it violated prisoners' First Amendment rights: Martinez et al. v. Maketa, case number 10-cv-02242-WYD, United States District Court, District of Colorado.   The prisoners also filed a motion to certify the case as a class action.

3.   The lawsuit seeks a declaratory judgment and an injunction ordering the jail to stop what the lawsuit called the "postcard-only" policy. The lawsuit does not seek monetary damages on behalf of any prisoners.

4.   On December 15, 2010, the jail rescinded the postcard-only policy and went back to the previous policy regarding outgoing correspondence. On December 20, 2011, pursuant to the parties' agreement, the Court entered a preliminary injunction.

5.   On March ___, the Court certified the case as a class action on behalf of a class defined as follows: "all current and future prisoners in the El Paso County Jail who are subject to or affected by the postcard-only policy."

6.   The Court appointed attorneys working for the American Civil Liberties Union of Colorado and the ACLU National Prison Project to serve as counsel for the class.

7.   The parties have now agreed to and proposed a settlement that will resolve all issues in the case. Pursuant to Fed. R. Civ. P. 23(e), this notice is provided to class members to advise them of the terms of the proposed settlement, which are summarized as follows:

    a.   The Court will issue a permanent injunction banning the postcard-only policy or any other policy that restricts prisoners' outgoing mail to postcards;

    b.   Counsel for the plaintiffs are entitled to an award of reasonable attorney's fees and costs to be paid by the Defendant. The parties have agreed that $60,000 represents a reasonable amount.

8.   The Court has set a date of _____ for a hearing to determine whether the settlement is fair, reasonable, and adequate. Any class member who objects to the proposed settlement may submit an objection. Objections must be postmarked no later than ____, 2011 and should be sent to:_____.