IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02242-WYD-KLM

MICHAEL JASON MARTINEZ;
ELIZABETH FRITZ;
THOMAS TRUJILLO;
AMBER HUGENOT;
GARY HARRISON;
ROBERT RUMPF; and
DAMIAN GRADELESS, on behalf of themselves and all others similarly situated,

    Plaintiffs, and

CALLIE GONZALES,

    Plaintiff-Intervenor,

v.

TERRY MAKETA, in his official capacity as El Paso County Sheriff,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Parties' Joint Motion to Approve Resolution of Class Action and Plaintiffs' Unopposed Motion for Attorneys' Fees.

I.    <u>PROCEDURAL BACKGROUND</u>

On September 14, 2010, Plaintiffs filed a class action complaint challenging the El Paso County Jail's recently implemented postcard-only policy, which limited the vast majority of outgoing prisoner correspondence to postcards.  (ECF No. 1.)  Plaintiffs alleged in their Class Action Complaint that the El Paso County Jail's postcard-only policy violated the free speech rights of inmates under the United States and Colorado

Constitutions.  In this lawsuit, Plaintiffs sought no money damages, but only demanded that El Paso County Jail rescind its postcard-only policy.

On November 10, 2010, Plaintiffs filed a motion for preliminary injunction that this Court set for hearing on December 22, 2010.  (ECF No. 21.)  Days before the hearing, Defendant rescinded the postcard-only policy and, shortly thereafter, stipulated that class certification in this case should be granted and that Plaintiffs were entitled to reasonable costs and attorneys' fees incurred in connection with this litigation.  (ECF No. 36.)  On December 20, 2010, this Court entered a stipulated order granting a preliminary injunction that enjoined Defendant from enforcing the postcard-only policy or any other policy that limits prisoners outgoing mail to postcards.  (ECF No. 37.)

The parties have since made the following stipulations, *inter alia*:

● Plaintiffs and Defendant jointly stipulate that the Court should make the findings required for prospective relief under 18 U.S.C. § 3626(a)(1)(A) and issue a permanent injunction incorporating the terms of the preliminary injunction that the Court entered in this case on December 20, 2010.

● Plaintiffs and Defendant agree that Defendant will pay Plaintiffs' reasonable costs and attorneys' fees in this matter.  Plaintiffs and Defendant further agreed that an award of $60,000.00 is reasonable in this case.  (ECF No. 55., Ex. 2.)

On March 28, 2011, Plaintiffs filed an unopposed motion for attorneys' fees requesting the court award $60,000 in attorneys' fees and costs and find that this represents a reasonable fee and costs award in this case.  (ECF No. 54.)  That same day, the parties filed a Joint Motion to Approve Resolution of the Class Action,

requesting this Court: (1) set a date for a hearing on the proposed resolution; (2) direct that reasonable notice be sent to the class members; (3) grant the motion to certify the class; (4) permanently enjoin the postcard-only policy challenged in this case; and (5) grant Plaintiffs' motion for attorneys' fees and costs. (ECF No. 55.)

On March 31, 2011, this Court granted in part and deferred in part the parties Joint Motion to Approve Resolution of Class Action. (ECF No. 56.) The Court granted the pending motion for class certification and appointed Plaintiffs' counsel as class counsel. The Court approved the notice to be given to class members in the El Paso County Jail, and set a hearing for May 25, 2011, to determine whether the proposed resolution of the case is fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(2). The Court deferred Plaintiffs' Unopposed Motion for Attorneys' Fees until the hearing. (*Id.*) Class members were given a deadline of April 15, 2011 to submit objections to the proposed resolution of the case. There were no objections from class members.

On May 25, 2011, the Court held a hearing regarding the fairness, adequacy and reasonableness the resolution of the case and heard argument from counsel.

II.     FINDINGS AND CONCLUSIONS OF LAW

The Court, having heard argument in this matter and having reviewed the entire record before the Court, makes the following findings and conclusions of law:

  A.     The Proposed Resolution Is Fair, Reasonable and Adequate

Federal Rule of Civil Procedure 23(e)(2) states that if a proposed class action settlement "would bind class members, the court may approve it only after a hearing

and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Pursuant to this rule and after a hearing on the matter, I find that the proposed resolution is not only fair to the absent members of the class, it is also reasonable and adequate. The Tenth Circuit outlines four factors that the trial court should consider when determining whether a settlement is fair, reasonable, and adequate: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (citing *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984)).

Regarding factor one, I find the resolution was fairly and honestly negotiated. The parties engaged in extensive discovery that was sufficient to allow them to evaluate the merits of the claims and defenses, as well as the efficacy of the settlement. Defendant produced thousands of pages of documents, and Plaintiff took an extensive Fed. R. Civ. P. 30(b)(6) deposition. The parties also worked closely to craft a resolution of this matter and to draft and file with this Court the numerous pleadings required to finalize this resolution. Regarding factors two and three, I find that these are directed at evaluating a proposed compromise. They are not applicable in this case since the proposed resolution provides all the relief requested in Plaintiffs' Complaint. Regarding

factor four, I find that the parties agree that the proposed resolution is fair and reasonable. (ECF No. 55, paragraph 9.)

I have considered the terms of the proposed resolution, and I independently find that they are fair, reasonable, and adequate under the circumstances, because they provide Plaintiffs all the relief sought in their Complaint. Based on the foregoing, I find as a matter of law that the proposed resolution is fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(2).

B.   An Attorneys' Fees and Costs Award of $60,000 is Reasonable in This Case

Defendant has stipulated that Plaintiffs are entitled to reasonable attorneys' fees and costs in this matter. (*See* ECF Nos. 43, 55.) Further, given that Defendant has stipulated to and asked the Court to enter a permanent injunction in this matter granting all the relief that Plaintiffs sought in their Complaint (rescission of the postcard-only policy), Plaintiffs are clearly the prevailing party in this action. Based on the foregoing, I find that Plaintiffs are entitled to reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988. *See also* Fed. R. Civ. P. 23(h) ("[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement").

The Court further finds that an attorneys' fees and costs award of $60,000 in this case is reasonable, considering Plaintiffs' downward departure from their calculated lodestar of approximately $90,000, the significance and scope of the case, the fact that Plaintiffs achieved in settlement all of the relief sought in their complaint, Defendant's

continuing defense against Plaintiffs' claims, and Defendant's agreement that Plaintiffs' fee request in this case is reasonable.

I note that Plaintiffs' counsel reasonably expended significant effort and time in garnering complete relief for Plaintiffs.  For instance, Plaintiffs' counsel: (1) travelled from Denver to the El Paso County Jail on numerous occasions to personally interview dozens of inmates; (2) engaged in correspondence with dozens of inmates; (3) created a comprehensive database to track inmate information; (4) drafted, processed, and analyzed the results of dozens of open records requests to jails in the state of Colorado; (5) thoroughly researched the class certification and constitutional issues involved in this case; (6) drafted detailed discovery requests; (7) retained and worked closely with an expert on jail security; (8) reviewed thousands of pages of discovery; (9) moved for and fully briefed a motion for class certification, a motion for leave to intervene, and a motion for preliminary injunction; (10) carefully prepared for and took a Rule 30(b)(6) deposition; and (11) finalized all preparations for a complete presentation of Plaintiffs' case at the preliminary injunction hearing scheduled for December 22, 2010.  Given these efforts, I find a fees and costs award to Plaintiffs of $60,000 is reasonable in this case.

      C.    <u>Plaintiffs have Demonstrated that they are Entitled to a Permanent Injunction of the Postcard-Only Policy</u>

The Parties have stipulated to the following facts:

> The 4 x 6 postcards allow inmates less writing space than is available in a two or three-page, double-sided letter. The new policy also prohibits inmates from enclosing expressive or artistic drawings they have made, newspaper or magazine clippings, religious literature, or other writings they wish to

> share. Inmates cannot use an envelope to write a letter-to-the-editor, to seek spiritual guidance from clergy, to provide information to investigative reporters, or to submit their own writings to such periodicals as the Colorado Springs Independent or Prison Legal News.

(ECF No. 17, Proposed Scheduling Order, at 9, Undisputed Fact n.) The Parties have further stipulated that this Court should issue a permanent injunction incorporating the terms of preliminary injunction the Court previously entered in this case. (ECF No. 55, Ex. 2, paragraph 2.)

Based on the stipulations of the parties, and the entire record of the case, the Court finds: (1) Plaintiffs suffered irreparable injury in the form of violation of their First Amendment rights; (2) remedies at law, including monetary relief, are inadequate to compensate for First Amendment violations; (3) the balance of equities tips in Plaintiffs' favor, because a permanent injunction would solely require the El Paso County Jail to return to a mail policy under which it had operated for many years apparently without incident; and (4) the public interest will not be disserved by a permanent injunction because the preservation of First Amendment rights serves everyone's best interest.

D.     The Permanent Injunction Complies with the Prison Litigation Reform Act

Prior to granting injunctive relief in a prison conditions case, the Prison Litigation Reform Act requires this Court to find that the relief is narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs' constitutional rights, and is the least intrusive means necessary to correct the violation of Plaintiffs' constitutional rights. 18 U.S.C. § 3626(a)(1)(A). Given that the entire basis of Plaintiffs' claims against Defendant is that the El Paso County Jail's postcard-only policy violates their

First Amendment rights, I find that enjoining the postcard-only policy, or any other policy that limits prisoners' outgoing mail to postcards, is narrowly drawn relief that extends no further than necessary to correct the violation of Plaintiffs' constitutional rights, and is the least intrusive means necessary to correct the violation of Plaintiffs' constitutional rights.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that the parties' Joint Motion to Approve Resolution of Class Action (ECF No. 55) is **GRANTED**.  In accordance therewith, Defendant Terry Maketa, his successors, officers, agents, servants, employees, and attorneys, and all others in active concern or participation with them, are **PERMANENTLY ENJOINED** from enforcing the postcard-only policy, or any other policy that limits prisoners' outgoing mail to postcards.  It is

FURTHER ORDERED that Plaintiffs' Unopposed Motion for Attorneys' Fees (ECF No. 54) is **GRANTED**.  In accordance therewith, Defendant is to forthwith pay Plaintiffs an attorneys' fee and costs award of $60,000.  Finally, it is

ORDERED that as all claims have been resolved, this case is **DISMISSED**.

Dated this 7th day of June, 2011.

                                             BY THE COURT:

                                             s/ Wiley Y. Daniel
                                             WILEY Y. DANIEL,
                                             CHIEF UNITED STATES DISTRICT JUDGE